IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:15-cv-00130-FDW

| | |
|---|---|
| TRACEY TERRELL GRADY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SUSAN R. WHITE, Superintendent; ) | |
| FNU BURKAMP, Case Manager; ) | **ORDER** |
| FNU CAUSBY, Sergeant, Lead ) | |
| Investigator; FNU BARKER, ) | |
| Unit Manager; FNU QUINN, ) | |
| Sergeant; FNU ODOM, Officer; ) | |
| FNU BRYAN, Officer, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on consideration of the pro se complaint filed by Plaintiff, who is a prisoner of the State of North Carolina, pursuant to 42 U.S.C. § 1983. For the reasons that follow, Plaintiff's complaint will be dismissed.[1]

I. BACKGROUND

A. July 11th assault

On July 11, 2015, Plaintiff was an inmate at the Alexander Correctional Institution (ACI) and was in his cell when Defendants Odom and Bryan came to his cell door and demanded to know why Plaintiff was kicking the inside of his door. Plaintiff denied that he was kicking the door whereupon the officers became angry and ordered Plaintiff to submit to handcuffs. The officers entered his cell, placed him in handcuffs and began "attacking and beating me I was hurt OK." The officers also directed racial slurs at Plaintiff. The incident left Plaintiff in fear for his

---

[1] Plaintiff has filed for appointment of counsel. The request will be denied as Plaintiff has not made the requisite showing of exceptional circumstances. See Miller v. Simmons, 814 F.2d 962, 966 (1987); 28 U.S.C. § 1915(e)(1).

1

life and mentally stressed. Plaintiff contends these actions violated his Eighth Amendment right to be free from cruel and unusual punishment. (Doc. No. 26: Amended Compl. at 3, 4, 7).

B. Report of sexual assault

In August 2015, while still housed at ACI, Plaintiff reported that he had been sexually assaulted by a fellow inmate. Defendant Causby investigated Plaintiff's allegations, which included observing video footage, and he found them to be unsubstantiated. Plaintiff was charged with lying about the incident and he was found guilty following a disciplinary hearing and ordered to serve 6-months in segregation and pay a $10 fine. (Id. at 8).

C. Forged signature

In April 2015, Defendant White charged Plaintiff with forging a signature on a letter she received that same month. Plaintiff was charged in connection with this incident, convicted following a disciplinary hearing, and ordered to serve 120-days in segregation, surrender gain time, and pay a $10 fine. (Id. at 9-10).

II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III. DISCUSSION

A. July 11th assault

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, (1988) (internal citations omitted). The Eighth Amendment prohibits the infliction of "cruel and unusual punishments", U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain[.]" Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component—that the harm was sufficiently serious—and a subjective component—that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim, the court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and "whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (quoting Hudson v. McMillan, 503 U.S. 1, 7 (1992)).

Plaintiff's allegations here are simply too sparse to support an Eighth Amendment claim of excessive force. He admits that the both officers reported hearing him kick his cell door and when Plaintiff denied it, they entered his cell and ordered him to submit to handcuffs, and then he blankly claims they began "attacking and beating me I was hurt OK." (Amended Compl. at 7). However, Plaintiff does not identify on what part of his body he was injured nor does he describe his injuries in any way.

B. Report of sexual assault

Plaintiff is adamant that he was sexually assaulted and he contends defendants violated his

constitutional rights by accusing him of lying about the incident and in ordering him to serve six months in segregation and pay $10 as punishment.

Prisoners retain rights under the Due Process Clause, but prison disciplinary proceedings are not part of a criminal prosecution and the full array of rights due a defendant in such proceedings does not apply. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citing Morrissey v. Brewer, 408 U.S. 471, 488 (1972)). In prison disciplinary proceedings where an inmate faces the possible loss of diminution credits or solitary confinement, he is entitled to certain due process protections. These include: (1) advance written notice of the charges against him; (2) a written statement of the evidence relied on and the reasons for taking any disciplinary action; (3) a hearing where he is afforded the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision; (4) the opportunity to have non-attorney representation when the inmate is illiterate or the disciplinary hearing involves complex issues; and (5) an impartial decision-maker. See Wolff, 418 U.S. at 564-71. There is no constitutional right to confront and cross-examine witnesses or to retain and be appointed counsel. See Baxter v. Palmigiano, 425 U.S. 308, 322 (1976); Brown v. Braxton, 373 F.3d 501, 504-06 (4th Cir. 2004). As long as the hearing officer's decision contains a written statement of the evidence relied upon, due process is satisfied. See Baxter, 425 U.S. at 323 n.5. Moreover, substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." Superintendent, Mass. Correctional Institute v. Hill, 472 U.S. 445, 455 (1985). Federal courts do not review the correctness of a disciplinary hearing officer's findings of fact. See Kelly v. Cooper, 502 F. Supp. 1371, 1376 (E.D. Va. 1980). The findings will only be disturbed when unsupported by any evidence, or when wholly arbitrary and capricious. See Hill, 472 U.S. at 456; see also Baker v. Lyles, 904 F.2d 925, 933 (4th Cir. 1990). As long as there is some evidence in the record to support a disciplinary committee's factual findings, a federal court will not review

their accuracy.

Plaintiff complains that he was denied legal representation at the disciplinary hearing, but otherwise he does not reasonably contend that the disciplinary proceedings fail to comport with due process; but rather Plaintiff simply expresses a disagreement with the outcome of the proceedings.

To the extent that a finding in Plaintiff's favor in this action would invalidate the outcome of his underlying disciplinary hearing, his claims also appear to be subject to dismissal as barred by Heck v. Humphrey, 512 U.S. 477 (1994), and Edwards v. Balisok, 520 U.S. 641 (1997). In Heck, the Supreme Court held that a plaintiff may not bring an action pursuant to § 1983 for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," without first having that conviction or sentence reversed, overturned, expunged, or otherwise called into question. In Edwards, the Supreme Court specifically extended Heck to the context of inmate disciplinary convictions, holding that Heck precludes a § 1983 claim in a prison disciplinary hearing which has not been previously invalidated, where the challenge would necessarily imply the invalidity of the deprivation of good-time credits.

Plaintiff does not contend that his disciplinary verdict has been set aside or otherwise called into question thus this claim should be dismissed.

C. Forged signature

This claim suffers from the same maladies as the previous claim. That is, while Plaintiff may deny that he forged a signature and he disagrees with the guilty verdict following disciplinary proceedings and the resultant 120-day segregation sentence and $10 fine, he does not demonstrate that the punishment or verdict has been set aside.

5

D.  Protective custody/medical treatment

Finally, Plaintiff complains generically that he should have been given protective custody and afforded medical treatment. These claims are sparse and merely conclusory as there are no substantive facts to demonstrate that any defendant had reason to believe he was in need of protective custody and he does not fairly allege the nature of his infirmities or what efforts he made to seek medical treatment. These claims are denied.

IV.  CONCLUSION

For the reasons state herein, the Court finds that Plaintiff has failed to state a claim for relief and his complaint will be dismissed. 28 U.S.C. § 1915A(b)(1).

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's motions to appoint counsel are **DENIED**. (Doc. Nos. 27, 48, 49).
2. Plaintiff's motions for discovery or to compel discovery are **DENIED**. (Doc. Nos. 50, 58, 59).

**IT IS FURTHER ORDERED** that Plaintiff's amended complaint is **DISMISSED WITHOUT PREJUDICE**. (Doc. No. 26).

The Clerk is respectfully directed to close this civil case.

**SO ORDERED**.

Signed: December 5, 2016

Frank D. Whitney
Chief United States District Judge