UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:15-cv-130-FDW

| | |
|---|---|
| TRACEY TERRELL GRADY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>SUSAN R. WHITE, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** comes before the Court on Plaintiff's "Notice of Appeal to be Filed" and "Appeal Notice to be Filed for a Reconsideration…." (Doc. No. 77, 78).

Pro se Plaintiff Tracey Grady, a state court inmate incarcerated at Tabor Correctional Institution in Tabor City, North Carolina, filed this action on September 27, 2015, pursuant to 42 U.S.C. § 1983. He alleges that various named Defendants violated his constitutional rights by attacking him in his cell, using racial slurs, failing to provide adequate medical and mental health treatment, and covering up the incident by filing false disciplinary charges. In an Order dated March 31, 2016, this Court informed Plaintiff that his confusing and disjointed complaint failed to comply with the Federal Rules of Civil Procedure and granted him twenty-one days to file an amended complaint. (Doc. No. 23). He was cautioned that failure to comply would result in dismissal of the action without prejudice. (Doc. No. 23 at 2).

Plaintiff filed an amended complaint on April 8, 2016, which the Court dismissed on initial screening for failure to state a claim upon which a claim can be granted pursuant to 28 U.S.C. §

1

1915A. (Doc. No. 26, 68). Plaintiff filed a notice of appeal that was docketed on December 14, 2017. (Doc. No. 72). He filed two pro se pleadings that were docketed as motions for reconsideration on December 27, 2016, and January 19, 2017. (Doc. No. 77, 78). On April 24, 2017, the Fourth Circuit Court of Appeals dismissed the appeal for lack of jurisdiction because the pleading deficiencies may be remedied by filing an amended complaint, and therefore, the order that the order of dismissal was neither a final order nor an appealable interlocutory or collateral order. (Doc. No. 80). The Fourth District did not remand the matter to this Court because Plaintiff was previously afforded the opportunity to file an amended complaint. Id.

The two pro se motions docketed on December 27, 2016, and January 19, 2017, which are presently before the Court for consideration, are in the nature of motions to alter or amend the prior judgment of the Court under Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. No. 77, 78). In them, Plaintiff states his desire to appeal the Court's dismissal of his amended complaint, objects to the Court's denial of his motion for the appointment of counsel, alleges that the Court is biased in favor of the Defendants and that the dismissal resulted from a conspiracy, argues that his claims are facially sufficient claims and are not frivolous or malicious, and requests that the case be reopened and set for trial. He also seeks reconsideration "on the ground of new found evidence and errors made on the claim sheet and affidavit," however, he fails to identify the allegedly newly discovered evidence and errors. (Doc. No. 77 at 2).

With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

2

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Plaintiff's motions do not present evidence that was unavailable when he filed his amended complaint, nor does his motion stem from an intervening change in the applicable law. Furthermore, Plaintiff has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him. See Hill, 277 F.3d at 708. In sum, the Court will deny Plaintiff's motions for reconsideration. To the extent that Plaintiff renews his request for the appointment of counsel, this too is denied.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motions to for Reconsideration and Motion to Appoint Counsel, (Doc. No. 77, 78), are **DENIED**.

Signed: July 12, 2017

Frank D. Whitney
Chief United States District Judge